# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

----------------------------------------------------------------x

DAVID BLAU, Trustee of the
Zupnick Family Trust 2008 C,

                                        Plaintiff,

        v.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

                                        Defendant.

----------------------------------------------------------------x

Date Filed:_____

Index No. _____/_____

Plaintiff designates KINGS
County as the place of trial

**SUMMONS**

APR 2014
ALLIANZ LIFE
Law
Department

**TO THE ABOVE NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the date of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

        **PLEASE TAKE NOTICE** that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.S-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) 13) of that Section.

        The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.S-bb(e) must Immediately record their representation within the e-flied matter on the Consent page In NYSCEF. Failure to do so may result In an Inability to receive electronic notice of document filings.

        Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efilePcourts.state.ny.us.

The basis of Venue is: Place of performance of contract

Which is:    Brooklyn, New York

Dated:  Kew Gardens, New York
            April 3, 2014

**LIPSIUS-BENHAIM LAW, LLP**
Attorneys for plaintiff

By: _____
            Ira S. Lipsius, Esq.
            David BenHaim, Esq.
            Phillip M. Manela, Esq.
Kew Gardens Road, Suite 1030
Kew Gardens, New York 11415
212-981-8440

Defendant's address:

Allianz Life Insurance Company of North America
5701 Golden Hills Drive
Minneapolis, MN 55416-1297

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x

DAVID BLAU, Trustee of the
Zupnick Family Trust 2008 C,

                         Plaintiff,

     v.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

                        Defendant.
-------------------------------------------------------------------x

INDEX NO: _____

**COMPLAINT**

PLAINTIFF DEMANDS TRIAL
BY JURY

       Plaintiff, David Blau, as trustee of the Zupnick Family Trust 2008 C, by its attorneys,

Lipsius-BenHaim law LLP, for its complaint for declaratory relief states:

### ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

      1.      David Blau is the trustee of Zupnick Family Trust 2008 C.

      2.      Defendant, Allianz Life Insurance Company of North America ("Allianz") is a

Minnesota corporation and at all times relevant was and is a life insurance company engaged in

the business of selling insurance products insuring the lives of citizens of the State of New York.

      3.      On or about July 5, 2007, defendant issued a life insurance policy on the life of

Dora Zupnick, Policy No. 60029319 (the "Policy") with a face value of eight million dollars

($8,000,000).

      4.      The insured, Dora Zupnick, is a citizen of the state of New York and resides in

Brooklyn, New York.

      5.      The Policy was delivered in the State of New York.

      6.      The Trust is the owner and beneficiary of the Life Insurance Policy.

      7.      Allianz has alleged that the Policy lapsed.

8.      This is an action seeking a declaration that the Policy is in full force and effect and has been continuously in full force and effect since the Policy was issued without any lapses in coverage.

## AS AND FOR A FIRST CAUSE OF ACTION

9.      Plaintiff repeats and realleges paragraphs 1 through 8.

10.     Allianz miscalculated premiums due under the Policy ("Miscalculated Premiums").

11.     Pursuant to the Policy, Allianz was not entitled to demand and charge the Miscalculated Premiums.

12.     Pursuant to the Policy, Allianz wrongfully demanded Miscalculated Premiums.

13.     Pursuant to New York Insurance statutes and regulations, Allianz was not entitled to demand and charge the Miscalculated Premiums.

14.     Pursuant to New York Insurance statutes and regulations, Allianz wrongfully demanded Miscalculated Premiums.

15.     Plaintiff paid the correct amount of premiums due to keep the Policy in force.

16.     Allianz's purported notice of cancellation failed to provide the correct amount of premium due.

17.     Allianz's purported notice of cancellation failed to apprise plaintiff of the correct amount of payment required to get the Policy out of grace.

18.     Allianz's purported notice of cancellation failed to provide the correct grace period provided by the Policy.

19.     Allianz's purported notice of cancellation failed to provide the correct grace period provided by applicable law.

20.    Allianz's purported notice of cancellation failed to comply with applicable Policy terms.

21.    Allianz's purported notice of cancellation failed to comply with applicable law.

22.    Allianz did not comply with statutory notice requirements.

23.    Allianz did not comply with statutory grace period requirements.

24.    Allianz did not comply with statutory policy termination provisions.

25.    Allianz did not comply with the notice requirements of the Policy.

26.    Allianz did not comply with the grace period requirements of the Policy.

27.    Allianz did not comply with the policy termination provisions of the Policy.

28.    Allianz failed to send notice of cancellation in accordance with Policy terms.

29.    Allianz failed to send notice of cancellation in accordance with the law.

30.    Allianz is estopped from canceling the Policy.

31.    Allianz has waived its right to cancel the Policy.

32.    Under case law and applicable statute, Allianz's attempted cancellation of the Policy is unlawful.

33.    Under case law and applicable statute defendant's attempt to cancel the Policy is unlawful.

34.    The plaintiff is prepared and has always been prepared to pay any outstanding premiums on the Policy and hereby makes constructive payment of any outstanding premiums on the Policy.

35.    No claim has been made under the Policy as the insured is alive.

36.     By reason of the foregoing Plaintiff is entitled to a declaration that the policy is in full force and effect and to a declaration requiring defendant to restore the Policy without any lapse in coverage.

37.     Under case law defendant's attempt to cancel the Policy is unlawful.

**WHEREFORE**, plaintiff respectfully requests that the court enter judgment against defendant declaring that the Policy is in full force and effect, plus attorneys' fees, together with such other and further relief as this Court may deem just and proper.

Dated:  Kew Gardens, New York
        April 3, 2014

                              **LIPSIUS-BENHAIM LAW, LLP**
                              Attorneys for plaintiff

                              By: _____
                                  Ira S. Lipsius, Esq.
                                  David BenHaim, Esq.
                                  Phillip M. Manela, Esq.
                              Kew Gardens Road, Suite 1030
                              Kew Gardens, New York 11415
                              212-981-8440

**INDEX NO.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------x

**DAVID BLAU, Trustee of the**
**Zupnick Family Trust 2008 C,**

                          **Plaintiff,**

     v.

**ALLIANZ LIFE INSURANCE**
**COMPANY OF NORTH AMERICA,**

                         **Defendant.**

-------------------------------------------------------------------x

**LIPSIUS-BENHAIM LAW, LLP**
**Attorneys for Plaintiff**
**80-02 Kew Gardens Road, Suite 1030**
**Kew Gardens, New York 11415**
**212-981-8440**



FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
0.2 1M
0004274593
$ 03.99
APR 18 2014
MAILED FROM ZIP CODE 55155

M1

CERTIFIED MAIL™

7012 0470 0001 2593 2186

**Minnesota Secretary of State Office**
Mark Ritchie, Secretary of State
60 Empire Drive, Suite 100
St. Paul, MN 55103

LEGAL

Allianz Life Insurance Company of North America
5701 Golden Hills Drv
Mpls., MN 55416

07d5ba2c59994d63